10-4307-pr
Butler v. Hogue

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand eleven.

Present:    ROSEMARY S. POOLER,
            BARRINGTON D. PARKER,
            SUSAN L. CARNEY,
                *Circuit Judges*.

_____

KEITH TERRELL BUTLER,

                *Plaintiff-Appellant*,

        v.                                                          10-4307-pr

J. HOGUE, CORRECTION OFFICER, UPSTATE CORRECTIONAL FACILITY, J. HYDE, CORRECTION OFFICER, UPSTATE CORRECTIONAL FACILITY,

                *Defendants-Appellees,*
D.O.C.S.,
                *Defendant*.

_____

For Plaintiff-Appellant:    Keith Terrell Butler, *pro se*.

For Defendants-Appellees:   Barbara D. Underwood, Solicitor General; Denise A. Hartman & Martin A. Hotvet, Assistant Solicitors General (of Counsel); *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Keith Terrell Butler appeals from the district court's grant of summary judgment in favor of the Defendants on Butler's constitutional claims under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo*, determining whether the district court properly concluded "that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In making this determination, "the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought. The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (quoting *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)).

We have reviewed Butler's claims under the First, Eighth, and Fourteenth Amendments, and, like the district court, conclude that the alleged violations do not rise to the level of constitutional deprivations.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2